JOHN W. LAWRENCE and WALTER BOWNE, Executors, &c. *vs.* THE ST. MARK'S FIRE INSURANCE COMPANY.

The plaintiffs, being the owners of certain premises, leased the same to C. who, by the terms of his lease, agreed to pay the necessary premium to enable the lessors to keep the premises insured for their own benefit, to the amount of $5000. At the execution of this lease there was a policy on the property. When it expired, C. asked leave to change the company. He agreed verbally to keep the property insured, for the lessors, to the extent of $5000. He thereupon took out the policy in suit, insuring "his" (C.'s) building; "loss, if any, payable to L.," one of the lessors, who was acting trustee for the property.

*Held* 1. That the agreement of C. to keep the property insured for the lessors, to the extent of $5000, made him liable to the lessors for a breach of that agreement, and gave him an insurable interest in the property to that extent.

2. That if he *had* an insurable interest, the property was his for the purpose of indemnity, to the amount of his interest; and he could insure that interest.

3. That the plaintiffs were entitled, under all the facts in the case, to recover on the policy as insuring them.

THE plaintiffs owned No. 31 Beekman street, New York. On May 11, 1853, they leased the same for ten years to James Conner, who made extensive improvements on the building. By his lease, Conner agreed to pay the plaintiffs the necessary premium to maintain an insurance for them of $5000. It was subsequently arranged between the plaintiffs and Conner, on his application, that he should keep an insurance of $5000 on the premises for the plaintiffs. With this view, he took out the policy in suit, insuring "James Conner against loss or damage by fire, to the amount of $5000, on his six story brick building, with tin roof and coping, situate No. 31 Beekman street, in the city of New York. * * * Other insurance permitted without notice until required; loss, if any, payable to John W. Lawrence," who was the acting trustee of the plaintiffs. The policy was kept renewed to September 4, 1862, at an expense in all of $737.50, paid the defendants for premiums; the last four renewals stating the insurance to be "on building 31 Beekman street." The plaintiffs, relying upon Conner's agreement, effected no insurance themselves. James Conner died May 30, 1861. His executors and Mr. Lawrence, to whose individual name the policy made the loss payable, assigned all their claims to the plaintiffs. In August, 1862, the premises were destroyed by fire. At that time Conner's leasehold interest was worth at least $2000. The plaintiffs thereupon claimed to recover the value of the building, and made proof of loss in their own name, and their claim having been refused, brought this action. The jury by direction of the court, found a verdict

for the plaintiffs for $5656.24. Exceptions ordered to be heard at the general term in the first instance.

*Jno. E. Parsons,* for the plaintiff. I. As between Conner and the plaintiff, he was obligated to keep the demised premises insured for their benefit, to the amount of $5000. The policy in question either accomplished this, or it did not. 1. If it did, then the defendants are liable; and it matters not whether to the plaintiffs, or to Mr. Lawrence individually, or to Conner, or his representatives, as all assign to the plaintiffs. 2. If it did not, then Conner, having failed to discharge his obligation, was liable himself to the plaintiffs, as insurer. An action lies against one who voluntarily, though without compensation, undertakes to obtain insurance for another, but proceeds so negligently and unskillfully that the policy is worthless. (*Wilkinson* v. *Coverdale,* 1 *Esp.* 75.) *A fortiori,* where a full consideration passes for the agreement to effect the insurance. (*Keane* v. *Brandon,* 12 *La. An.* 20.) 3. And this liability of Conner gave him an insurable interest in the demised building to the amount payable by him in the event of its destruction, to wit, the amount of the policy, $5000; which was covered by a policy purporting simply to insure the building. *The N. Y. Bowery Fire Insurance Company* v. *The N. Y. Fire Insurance Company,* (17 *Wend.* 359,) can not be distinguished in principle from the present case. The Bowery Fire Insurance Company having insured the goods of Joseph Mortimer, to protect themselves reinsured with the New York Fire Insurance Company by a policy not adapted to a case of reinsurance, but in the ordinary form, simply substituting "reinsure" for "insure," and describing the property as belonging to Joseph Mortimer. Held that the liability of the former company constituted an insurable interest in the goods, and that the second policy properly insured, in language similar to the first, the goods, instead of describing the real interest cov-

ered. In *Crowley* v. *Cohen*, (3 *B. & Ad.* 478,) carriers responsible for goods, effected an insurance "on goods." Held, sufficient to protect their interest, *i. e.* their liability; "for, in general, if the subject matter of insurance be rightly described, the particular interest in it need not be specified." In *Walker* v. *Maitland*, (5 *B. & Ad.* 171,) it was held that the owner of a vessel answerable for loss by fault of boatmen employed in bringing the cargo from shore, may insure "the goods." (*See also Flint* v. *Flemyng*, 1 *B. & Ad.* 45 ; *Ætna Ins. Co.* v. *Jackson*, 16 *B. Monroe*, 242 ; *Chase* v. *Wash. Mut. Ins. Co.*, 12 *Barb.* 595 ; *Van Natta* v. *Mut. Security Ins. Co.*, 2 *Sandf.* 490.) 4. The insurance was in fact, as stated in the policy, "on the building," to the extent of Conner's interest, and without reference to ownership. The manifest intention of the policy was that the defendants would pay $5000 if the building were destroyed, unless in the possibility of no insurable interest. The four later receipts state the words "on building." "His," in the policy, ("on his six story brick building,") merely describes the property, and "is not equivalent to a warranty on the part of the assured that he is the owner of the same ;     *     *     * on the happening of a loss he will recover according to his real interest." (*Niblo* v. *The North Am. Fire Insurance Co.*, 1 *Sand. S. C. R.* 551. *Fletcher* v. *The Commonwealth Insurance Co.*, 18 *Pick.* 419.) 5. Conner's liability and resulting insurable interest were not lessened by the delivery of the policy and receipts to Mr. Lawrence. The defendants may make some such claim. Conner's agreement was absolute ; not to deliver a policy, but to maintain an effectual insurance. Nothing could discharge him but performance, or positive release. Conner's handing the policy to Mr. Lawrence could not estop the plaintiff. Conner was equally able to see whether, and upon him was it incumbent to see that the policy did accomplish its purpose. Misrepresentation by Conner, concealment, his subsequently increasing the risk, and many other things of which the plaintiff could not know,

might vitiate the policy; nothing but direct testimony could show that the plaintiffs intended to discharge Conner and take such a risk. The presumption in such a case always is of a means of fulfillment, not of fulfillment. (*Johnson* v. *Weed*, 9 *John.* 310. *Vail* v. *Foster*, 4 *N. Y. Rep.* 312.)

II. There is another view in which we submit the plaintiffs are entitled to recover. The policy was, in fact, taken out by Conner for the benefit of the plaintiffs. They are therefore the insured, and can recover on their own interest. *Kernochan* v. *The New York Bowery Fire Insurance Co.*, (3 *Smith*, [17 *N. Y. Rep.*] 428,) establishes this principle. There the policy was to Kernochan as mortgagee. The court of appeals held that evidence was properly admissible to prove an arrangement not known to the company, between the mortgagors and mortgagee, that the mortgagee should keep an insurance for the benefit of the mortgagors, who should pay the premium; and the court, by their decision, gave the mortgagors the benefit of the policy, though only in the name of the mortgagee. (*Hough* v. *City Fire Ins. Co.*, 29 *Conn. R.* 10. *Wake* v. *Harris, Exchequer Chamber, Transcript, of May* 16, 1863.)

III. In addition to his above interest; or, should that fail, independently of it, Conner had a leasehold interest to the amount of $2000, directly within the terms of the policy. (*Niblo* v. *The North Am. Fire Ins. Co.*, 1 *Sand., S. C. Rep.* 551.) It is objected that Conner should have represented the character of this leasehold interest, and had it expressed in the policy. There is no evidence that he did not represent it. On the contrary, the mention of Mr. Lawrence indicates that a special statement was made to the company. And if he did, or rather, unless it is proved he did not, the company who drew and executed the policy, expressed in it what they chose, and waived the expression of what they saw fit to omit. (*Hall* v. *People's Mutual Fire Insurance Co.*, 6 *Gray*, 185.) Conner's insurable interest (even his leasehold interest, but for, and perhaps notwithstanding the

special mention of it, in the condition) was "absolute." "Not absolute," was intended to apply to the "property held in trust or on commission," &c. mentioned immediately before. The answer admits compliance with all the conditions of the policy.

IV. The defendants have received on the policy in suit $737.50 in premiums. They both claim that the policy never attached, for want of an insurable interest in Conner, and to retain the premiums. Should the court affirm the former claim, the plaintiffs, under their assignments from the parties who paid the premiums, must have judgment for their return. Their complaint so asks. Where risk never attached, the premium must be returned, if there was no fraud. (*Clark* v. *Manufacturers' Ins. Co.,* 2 *W. & Minot, C. C. R.* 472.) In that case there had been renewals running back many years. The policy was held void for non-compliance with warranty in original application. Plaintiff held entitled to return of all premiums.

V. Conner's liability and consequent interest on his death passed to his representatives. By his death the policy did not lapse. In case of death, the policy and interest therein continue to the representatives. (*Lynch* v. *Dalzell,* 4 *Br. Parl. Cases,* 431.) The defendants received premium from them and renewed to them, though in his name, after Conner's death.

VI. The plaintiffs should have judgment on their verdict, overruling the defendant's exceptions.

*Banks & Anderson,* for the defendants.  I. The recovery in this action, if there be any, must be either a recovery of James Conner's loss, which has become vested in the plaintiffs by assignment, or by virtue of their relations to James Conner; or else it must be a recovery of the loss sustained by the plaintiffs themselves, on the ground that the evidence shows the insurance to have been in effect an insurance of the plaintiffs. Reserving an examination of this latter pro-

position, let us consider the plaintiffs as suing on the rights of James Conner.

II. The recovery on a policy of insurance must always be in conformity with the terms of the policy. There can be no recovery in this case on account of deficiency of proof of loss. There is no evidence in the case of the filing of any proofs of loss, except the allegation of the complaint at folios 17, 18. At folio 19, it is alleged that the defendants objected to pay the loss, on the ground that the policy only covered the interest of James Conner. The policy requires a statement, signed by the assured, of his own loss; also, the oath of the assured himself, and other requirements; none of these have been complied with in this case.

III. There is no evidence in the case of the extent of James Conner's loss. The proofs, even if regular in other respects, only show the value of the building destroyed. The evidence shows the nature of Conner's interest to have been a leasehold. As a tenant, the measure of his loss was the value of the occupation of the premises for the unexpired portion of his term. (*Niblo* v. *North Am. Ins. Co.*, 1 *Sandf.* 551.) The evidence as to the value of the unexpired term is entirely too vague to support a recovery; and besides, is fatally defective in not being supported by any preliminary proof of loss. Where one having a special insurable interest insures, his recovery is limited to the amount of his interest. (*Niblo* v. *North Am. Ins. Co.*, 1 *Sandf.* 551. *Phillips on Insurance*, § 309. *Russell* v. *Union Ins. Co.*, 1 *Wash. C. C. R.* 409. *Wolff* v. *Horncastle*, 1 *B. & P.* 316. *Lynch* v. *Dalzell*, 3 *Br. Par. Cas.* 49.) All cases that appear to be at variance with this will be found on examination to be insurances effected for account of the assured *and whom it may concern*, or words to that effect, and to base the recovery on a construction of the contract by which the assured is made trustee for the owners. Insurances effected by consignees in possession are upheld upon the same ground.

IV. The policy lapsed on the death of James Conner His death transferred his interest to his legal representatives, and unless it be maintained that insurance companies remain liable to all assignees, by operation of law, it must be admitted that the policy terminated on the death of the assured. There is no evidence in the case that at the time of the receipt of the premium paid September 4, 1861, the defendants knew of James Conner's death.

V. James Conner had forfeited all rights under the policy by omitting to indorse the nature of his interest. This is positively provided for by the third stipulation in the policy. As to the effect to be given to these stipulations, see *Gilbert, receiver,* v. *Phœnix Ins. Co.,* (36 *Barb.* 372;) *Jube* v. *Brooklyn Fire Ins. Co.,* (28 *id.* 412;) *Bigler* v. *N. Y. Central Ins. Co.,* (20 *id.* 635.)

VI. The objection to the plaintiff's claim, noted in the last point, is fatal to any form of recovery on the basis of James Conner's rights, and whether the measure of his rights be that of a tenant or of an agent for the plaintiffs, or of a re-insurer. The objection is to the very origin of the contract; the policy was still-born and no possible action can be maintained in connection with it unless, perhaps, for a return of premiums.

VII. The plaintiffs have endeavored to enlarge the measure of James Conner's right of action by bringing this case within the principle of the *N. Y. Bowery Fire Ins. Co.* v. *The N. Y. Fire Ins. Co.* (17 *Wend.* 359.) They have argued that it being admitted that an insurance broker who undertakes to effect an insurance, and who fails to do so, is liable as an insurer; and the case in Wendell settling that an insurer may re-insure, therefore Conner was liable as an insurer, and therefore he could re-insure the premises and recover the entire value thereof. (*a.*) Conner could not be held liable to the plaintiffs, because: 1. He was not an insurance broker. 2. He never undertook to insure the plaintiff's interest; on the contrary, the expression was: "He would make the in-

surance himself." 3. The plaintiffs, by retaining the policy and renewals for nine years are estopped from claiming that they were not in the form agreed upon. (*b.*) Granting his liability, it can not be claimed that as a re-insurer he can have any greater rights than as an insurer, and therefore the objections above noted to the validity of the policy apply with undiminished force. (*c.*) If Conner is liable to the plaintiffs, it must be on the theory that he has neglected to insure, and in that case we can not be liable. If he is not liable, then he could not have an interest as an insurer, and could not recover from us.

VIII. It is claimed that this action can be maintained within the principle that all principals can avail themselves of the acts of their agents in their behalf, even though their names have not been disclosed. But in all these cases the rights of the principal have always been limited to those acquired by the agent. (*See Gibson* v. *Winter,* 5 *B. & Ad.* 96; *George* v. *Claggett,* 7 *Term R.* 359; *Herckenrath and others* v. *The Am. Mut. Ins. Co.,* 3 *Barb. Ch.* 63; *Taintor* v. *Prendergast,* 3 *Hill,* 72; *Van Lien* v. *Byrnes,* 1 *Hilt.* 133.) We do not object to the plaintiff's suing on James Conner's right; we only object to their claiming any other measure of recovery than would have been available to James Conner had he brought the suit.

IX. If it be claimed that the plaintiffs have a right to recover because the evidence shows that they were the real parties insured, we say this is in violation of all rules of evidence. (*Turner* v. *Burrows,* 5 *Wend.* 541. *Barnwell* v. *Marine Ins. Co.,* 2 *Cranch,* 419. *Phillips on Ins.,* §§ 383–391. *Atherton* v. *Brown,* 14 *Mass. Rep.* 152. *Grant* v. *Naylor,* 4 *Cranch,* 224. *Allison* v. *Rutlege,* 5 *Yerg.* 193. *Lamatt* v. *H. R. Ins. Co.,* 17 *N. Y. Rep.* 199. *Jube* v. *The Brooklyn Fire Ins. Co.,* 28 *Barb.* 412.)

X. There is nothing in the case of *Kernochan* v. *N. Y. Bowery Fire Ins. Co.,* (17 *N. Y. Rep.,* 478,) that will support a recovery in this case. It only decides that the

insurance of Kernochan mortgagee, gives Kernochan an insurable interest, and that the fair construction of such an agreement, in view of the known practice of the mortgagee's holding the policy is, that the measure of damages would be, not the loss of the debt, but the damage to the buildings.

It is not pretended that had the assured done anything to invalidate the policy, he would nevertheless recover on the ground that the policy was really meant to insure the interest of the mortgagor. On the contrary it is stated, page 491, that if A. insured in his own name the interest of B. without disclosing it, neither can recover : not A. because he has no interest ; nor B. because he is not insured.

XI. There can be no judgment for a return of premiums. 1. Unless the policy was void *ab initio* there can be no ground for the claim. 2. In case of this kind, a demand must be alleged and proved before the action can. be maintained.

XII. The verdict should be set aside and judgment ordered for the defendants, or a new taial ordered.

*By the Court,* J. F. BARNARD, J. The complaint avers the performance of all the conditions on the part of the insured, and that the defendant declined to pay the loss suffered, on the specific ground that James Conner, in whose name the policy was effected, did not own the building covered by the policy. This is not denied in the answer and is consequently as to the action admitted. The plaintiff was not bound to affirmatively prove on the trial the service of any preliminary loss papers.

James Conner, by the terms of his lease, agreed to pay the necessary premium of insurance to enable the lessors to keep the premises insured for the benefit of the said lessors, to the amount of five thousand dollars. At the execution of this lease there was a policy on the property in another company. When it expired, Conner asked to change the company, " that he could get it done cheaper." He agreed

Lawrence *v.* St. Mark's Fire Insurance Company.

verbally to keep the property insured for the trustees to the extent of five thousand dollars. He agreed to keep that insurance for the plaintiffs. This agreement made him liable to the plaintiffs for a breach of that agreement, and gave him an insurable interest in the property to that extent. He effected the policy in suit as on "his" (Conner's) building, loss, if any, payable to John W. Lawrence, who was the acting trustee for the property. I do not think the word "his" in the policy, is a warranty of title to the property. If he had an insurable interest it was his for the purpose of indemnity, to the amount of his interest. He could insure that interest. (17 *Wend.* 359.) This insurable interest may be shown by parol to exist, and without the knowledge of the defendants. (*Kernochan* v. *The N. Y. Bowery Fire Ins. Co.,* 17 *N. Y. Rep.* 478.) The defendants must indemnify the assured if he in fact have an interest.

Besides, I think the plaintiffs are entitled under all the facts in this case to recover on the policy as insuring them. Conner was bound to pay the premium on $5000. He agreed to insure the property for the trustees. He obtained this policy "loss payable to John W. Lawrence." What is the defendants' contract? It agrees to pay Conner nothing. It agrees to pay the loss to the plaintiff. The property was in fact insured for the plaintiff. It is a contract with James Conner, that in consideration of the premium paid by him, the company would insure a certain building and pay the loss to the owner.

I think the judgment should be entered with costs, on the verdict.

[KINGS GENERAL TERM, February 8, 1865. *Lott, J. F. Barnard* and *Scrugham,* Justices.]