Edward G. Baker, J.
Defendant moves to dismiss the complaint (1) pursuant to subdivision 4 of rule 106 of the Buies of Civil Practice upon the ground that it fails to state facts sufficient to constitute a cause of action; (2) pursuant to subdivision 5 of rule 107 of the Buies of Civil Practice upon the ground that the cause of action did not accrue within the time limited by law for the commencement of an action thereon; (3) pursuant to subdivision 7 of rule 107 of the Buies of Civil Practice upon the ground that the contract upon which the action is founded is unenforcible under the provisions of the Statute of Frauds.
The complaint alleges that prior to June 9, 1947, plaintiff and defendant were the owners of certain real property located in Kings County; that on said date plaintiff agreed to convey his interest in said realty to the defendant in consideration of her promise to appear in 1 ‘ out of state divorce proceedings, thereby enabling the parties to be divorced, said appearance and divorce to take place upon the youngest child of the marriage of the parties herein reaching his majority, to wit, on or after May 10, 1961”; that defendant’s representation and promise to so appear was false and was made for the purpose of inducing plaintiff to convey his interest in the premises; that plaintiff, then not represented by counsel, believed and relied upon the assurance of defendant’s attorney that the agreement was valid, that it was unnecessary for plaintiff to retain an attorney, and that in reliance upon said agreement and assurance of its validity, he was induced to and did convey his interest in the premises to defendant; that defendant never intended to appear in out-of-State divorce proceedings; and that such statements on the part of defendant’s counsel constituted fraud and misrepresentation.
Obviously, if the agreement between the parties was as plaintiff alleges in his complaint, it was contrary to public policy, violative of section 51 of the Domestic Belations Law and therefore void. Upon this, the parties are in accord.
However, plaintiff does not seek to enforce the agreement. He demands judgment declaring it null and void and he seeks to recover back the property parted with because of it. He pleads that, although he is a party to the illegal agreement, he is not *986 in pari delicto because he was induced to rely and did rely upon the superior knowledge of defendant’s attorney and the latter’s assurance of its validity. It has been held that reliance may be placed on a representation of law by one having superior knowledge of the law (Berry v. American Cent. Ins. Co., 132 N. Y. 49, 54).
The complaint states a cause of action to recover back property obtained by defendant under circumstances which render her retention of it inequitable.
The Statute of Frauds has no application here. As herein-above indicated, this is not an action to enforce the agreement. Plaintiff seeks judgment declaring its nullity. The Statute of Limitations is not a bar, since the action is one based upon claimed fraud and plaintiff alleges that the fraud was not discovered until after May 10, 1961. Defendant may plead the statute in her answer if so advised. Motion denied.