STEFAN ETTERLE et al., Respondents, v EXCELSIOR INSURANCE Co. OF NEW YORK, Appellant.

Fourth Department, May 23, 1980

APPEARANCES OF COUNSEL

*Brown, Kelly, Turner, Hassett & Leach (Michael Pilarz* of counsel), for appellant.

*Naples, Giarrano & Carlisi (Roy Carlisi* of counsel), for respondents.

### OPINION OF THE COURT

SCHNEPP, J.

In this action the plaintiffs, Stefan and Justyna Etterle and their son, Stephen Etterle, seek to recover the proceeds of a fire insurance policy which was issued by the Excelsior Insurance Company of New York ("Excelsior") on November 22, 1974 to Stefan and Justyna and insured their two-family dwelling at 327 Fulton Street, Buffalo, New York. In their complaint plaintiffs allege that on October 1, 1977 while the policy was in full force and effect, the property was destroyed by fire and plaintiffs suffered damage of $29,279.41 for the loss of their dwelling plus $100 per month loss of rental, and that Excelsior has refused to pay the proceeds of their policy. In a separate cause of action plaintiff Stephen alleges that his parents transferred title of the premises to him on August 29, 1977 "solely as a matter of convenience due to [their] ill health" and gave him an executed power of attorney under which he contends that he is the legal representative of his parents. Stephen further alleges that during September, 1977 his mother was admitted to a nursing care facility due to her ill health and that his father, also in ill health, left the insured premises to reside temporarily with him.

Excelsior claims it is not liable on the policy because (1) Stefan and Justyna transferred their title to the property and no longer possessed an insurable interest in the covered premises at the time of the fire, and (2) Stephen, although he may have had an insurable interest in the premises at the time of the fire, was not a party to the insurance contract and has no rights to the policy proceeds. Excelsior contends that a failure to allege an insurable interest in the destroyed premises requires dismissal of Stefan's and Justyna's pleading and that Stephen's failure to allege a contractual or other legal right to the proceeds of the insurance policy requires dismissal of his cause of action. Excelsior appeals from an order of Special Term which denied its motion to dismiss plaintiffs' complaint for failure to state a cause of action (CPLR 3211, subd [a], par 7).

In an affidavit in oppositon to defendant's motion, plaintiffs claim that Stefan and Justyna hold an insurable interest in the premises because they reside therein and intend to maintain the dwelling as a residence. They further contend that Stephen also holds an insurable interest because he holds title to the premises and intends to derive income from the rental of the property and may recover on the policy because he is the legal representative to his parents.

It has long been the rule that, in order to prevent fraud and crime and to prohibit wagering contracts on property in which the insured possesses no interest, the lack of an insurable interest in the property insured renders the property insurance void and unenforceable (*Scarola v Insurance Co. of North Amer.,* 31 NY2d 411, 413; *Riggs v Commercial Mut. Ins. Co.,* 125 NY 7, 11-12). Section 148 of the Insurance Law requires an "insurable interest" in the covered property which is "deemed to include any lawful and substantial economic interest in the safety or preservation of property from loss, destruction or pecuniary damage". The statute codifies the liberal interpretation applied by the courts in construing the interest necessary to constitute an insurable interest and recognizes that "[a]ny right which may be enforced against the property, and which is so connected with it that its injury or destruction will cause loss" is an insurable interest (30 NY Jur, Insurance, § 752, p 105; see, also, *Scarola v Insurance Co. of North Amer., supra; Riggs v Commercial Mut. Ins. Co., supra; National Filtering Oil Co. v Citizens' Ins. Co. of Mo.,*

106 NY 535, 541; 44 CJS, Insurance, § 175, subd b, p 870; 3 Couch, Insurable Interest [2d ed], § 24:13, pp 86-88).

Two early Court of Appeals cases, on facts quite similar to the instant case, support the view that Stefan and Justyna retained an insurable interest in the property even though they had parted with legal title in favor of their son. In *Redfield v Holland Purchase Ins. Co.* (56 NY 354, 357) the plaintiff had occupied and worked a farm, although his wife held legal title to the property. Apparently there was an oral promise that plaintiff could have a life estate in the property. The court held that if the plaintiff had an equitable right to the possession of the land under a parol agreement he had an insurable interest in the property. In *Berry v American Cent. Ins. Co. of St. Louis* (132 NY 49, 57), plaintiff had transferred legal title to his home to his son under an oral agreement that the plaintiff father was to occupy the premises for the duration of his life, keep the property insured, and pay real property taxes. When the property was destroyed by fire, the insurance company refused to pay the proceeds to the father on the grounds that he no longer had an insurable interest. The court cited the "well-settled" rule that it was not necessary for the insured to have a legal or equitable interest in the property destroyed "if * * * he would be liable to loss if it is destroyed or injured" *(Berry v American Cent. Ins. Co. of St. Louis, supra,* p 56). The court stated: "The test of insurable interest is whether an injury to the property or its destruction by the peril insured against would involve the assured in pecuniary loss" *(Berry v American Cent. Ins. Co. of St. Louis, supra,* p 56). Even though the father may not have been able to enforce the right to use the property against his son because of the parol nature of the agreement, the court held that the father did have an insurable interest.

■ Stefan and Justyna may seek to establish at trial that they conveyed legal title to their property based on an oral understanding with their son that they would be able to remain on the premises if their health permitted. Moreover, if any dispute arose between the parents and their son, all requirements for imposing a constructive trust appear to exist so that Stephen would be deemed to hold the property as a trustee in favor of his parents. What was said about the grantor's position in *Sharp v Kosmalski* (40 NY2d 119, 122) applies as well here: "Indeed, in the case before us, it is inconceivable that plaintiff[s] would convey all of [their] inter-

est in property which was * * * [their] abode * * * without at least tacit consent upon the part of [their son] that [he] would permit [them] to continue to live on [the property]".

Whether Stefan and Justyna are viewed as life tenants of the property or beneficiaries under a constructive trust, their interest is substantial enough to be described as an "insurable interest" (see Insurance Law, § 148; *Belge v Aetna Cas. & Sur. Co.,* 39 AD2d 295, 298-299). They have alleged in their complaint that they were the named insureds, that they suffered lost income, and that their dwelling was damaged to the extent of over $29,000. It is evident that they claim that they would profit by or gain some advantage by their dwelling's continued existence and suffer some loss or disadvantage by its destruction (see 3 Couch, Insurance, Insurable Interest [2d ed], § 24:13). They have clearly alleged an interest in the house at the time of its destruction (see 19 Couch, Insurance, Pleading [2d ed], § 76:211).

Excelsior may be able to raise an issue of fact as to the insurable interest of Stefan and Justyna, but under New York's liberal pleading rules (see Siegel, New York Practice, § 208, p 245) they have made sufficient factual allegations of an insurable interest to withstand defendant's motion to dismiss. The issue must await trial for resolution. A motion to dismiss a pleading for failure to state a cause of action will fail, "if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law" *(Guggenheimer v Ginzburg,* 43 NY2d 268, 275; see, also, *Melito v Interboro-Mutual Ind. Ins. Co.,* 73 AD2d 819). Furthermore, Excelsior, in an attempt to "go behind the pleading and prove that it lacks merit", has not "convince[d] the court that nothing the plaintiff[s] might reasonably be expected to prove would help [them]" nor established that plaintiffs do not have a claim (Siegel, New York Practice, § 265, p 325). "When evidentiary material is considered, the criterion is whether the proponent of the pleading has a cause of action, not whether he has stated one, and, unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, again dismissal should not eventuate [citations omitted]" *(Guggenheimer v Ginzburg, supra,* p 275).

■ ■ However, plaintiff Stephen Etterle's cause of action should be dismissed. He is not a named insured on the policy and he is not his parents' "legal representative". As the

holder of legal title to the property, Stephen certainly possesses an insurable interest, but that by itself is not sufficient to confer any benefit on him under a policy extending coverage for property damage. As the court stated in *Stainless, Inc. v Employers Fire Ins. Co.* (69 AD2d 27, 31), "[r]ecognition of an insurable interest establishes only the existence of a legally recognizable interest which may be protected by insurance coverage." It further noted (at p 31) that "[r]esort must be had to the terms of the policy to determine who is covered and the extent of coverage". An insurance contract is a personal contract "which does not attach to the property insured nor in any manner run with the land" *(Galante v Hathaway Bakeries,* 6 AD2d 142, 149; see *Brownell v Board of Educ.,* 239 NY 369, 374; 29 NY Jur, Insurance, § 4, p 27). The fact that the property insured was conveyed to Stephen does not mean that the insurance on the premises can benefit him. Moreover, as holder of a power of attorney executed by his parents, Stephen is not their "legal representative". "[T]he words 'legal representative' mean ordinarily executors or administrators, and that meaning will be attributed to them in any instance unless there be facts existing which show that the words were not used in their ordinary sense, but to denote some other and different idea" *(Sulz v Mutual Reserve Fund Life Assn.,* 145 NY 563, 574; see, also, *Matthews v American Cent. Ins. Co.,* 154 NY 449; *Geoffroy v Gilbert,* 5 App Div 98, affd 154 NY 741; *Shiya v Erickson,* 156 Misc 738, 745; see, generally, *Briggs v Walker,* 171 US 466, 471). An attorney in fact is merely a special kind of agent and ordinarily the power of attorney is revoked by the death of the principal (see, generally, 2 NY Jur, Agency, §§ 64-73). There is nothing here which suggests that, in the context of the power of attorney, the attorney in fact becomes a "legal representative". Furthermore, no legal representative is needed here; the parties Stefan and Justyna are before the court.

Accordingly, the order appealed from should be modified by granting Excelsior's motion to dismiss the complaint as to the plaintiff Stephen Etterle, and, as modified, it should be affirmed.

CARDAMONE, J. P., SIMONS, DOERR and WITMER, JJ., concur.

Order unanimously modified and, as modified, affirmed, without costs, in accordance with opinion by SCHNEPP,, J.