GEORGE H. BROOKS, Respondent, *v.* THE ERIE FIRE INSURANCE COMPANY, Appellant.

*Fire insurance policy — provision as to unconditional and sole ownership — knowledge of the agent that the insured did not have it concludes the company — defense of a material misrepresentation — its materiality presents a question for the jury — what equity constitutes an insurable interest.*

A provision in a policy of fire insurance, that it shall be void if the interest of the insured is other than unconditional and sole ownership, is inoperative where it appears that, at the time the insured applied for the policy, he notifies the agent of the insurance company that his interest in the insured premises was that of a vendee under a contract of sale.

Any defense, inuring to the insurance company, arising out of the fact that, at the time the insured made such disclosure to the agent of the insurance company, he erroneously stated that his vendors held title to the premises, is based, not upon a breach of such provision, but upon the rule that any misrepresentation of a fact material to the risk will avoid the policy, and the question whether the statement was such a misrepresentation is one of fact for the jury.

The existence, at the time the policy was issued, of an equity in the insured's vendors, who were then vendees in possession of the premises, to compel the execution of a deed from the holder of the legal title to the premises, operated to give the insured and his vendors an insurable interest in the premises sufficient to support the policy.

CHASE, J., dissented.

APPEAL by the defendant, The Erie Fire Insurance Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Cortland on the 9th day of May, 1901, upon the verdict of a jury, and also from an order entered in said clerk's office on the 26th day of February, 1902, denying the defendant's motion for a new trial made upon a case containing exceptions.

*Louis L. Babcock,* for the appellant.

*T. E. Courtney* for the respondent.

PARKER, P. J.:

The policy upon which this action is brought provides that, if the interest of the insured be other than the unconditional and sole ownership, or if the subject of insurance be a building on ground not owned by the insured in fee simple, the entire policy shall be void.

The defendant contends that, because of the breach of this condition, the plaintiff cannot recover.

It is not contradicted that, at the time this policy was taken out, the interest of Brooks was not that of an unconditional and sole owner, and that he did not own the land on which the building stood in fee simple. Concededly his only interest therein was that of a vendee under a written contract for the purchase of the premises from Worden & Morris; and this fact, of itself, would defeat a recovery but for the further fact, upon which the plaintiff relies, that such condition had been waived by the company.

It is not disputed but that Brooks, at the time he applied for insurance, told the defendant's agent who issued to him the policy that he held the premises as such a vendee. There is some confusion in the evidence as to whether he told the agent that he held the contract from Worden or from Worden & Morris, but I think from the whole conversation with the agent, as testified to by

Brooks, we may assume that he informed him that he held as vendee from Worden & Morris.   The plaintiff claims that, being so informed as to his interest in the premises, the defendant, by issuing the policy in question, waived its right to insist upon the condition above referred to.   His authority for that claim is found in the following cases: *Robbins* v. *Springfield Fire Ins. Co.* (149 N. Y. 477); *Carpenter* v. *German American Ins. Co.* (135 id. 298, 302).

To this the defendant replies that the statement which Brooks then made to the agent was to the effect that Worden, or Worden & Morris, held the title to the premises, and, hence, it appeared to him that the entire ownership was held by them and by Brooks himself, whereas, in fact, neither Worden nor Morris at that time had the title, but at most had a contract from Mericle, who himself did not have the title; that, therefore, Brooks' statement as to the title or ownership of the premises was not true; that it was a misrepresentation which misled the defendant, and that, therefore, the issuance of the policy upon such information did not amount to a waiver of the condition above stated.

But, although the defendant may have been misled as to the true ownership of the premises, it was not in the least misled as to whether Brooks was, or was not, the owner in fee of the land on which the building stood, or as to whether his interest in the premises was other than the unconditional and sole ownership.   It was distinctly informed that Brooks did not own the land in fee, and that his interest was but that of a vendee in possession.   If, notwithstanding these facts, it saw fit to issue him the policy, clearly to now avoid it because of the existence of such facts would be to perpetrate a rank fraud upon the insured.   It cannot be supposed that the defendant intended to issue to Brooks a *void* policy, and, therefore, the law assumes that it intended to waive that condition when it issued the policy with full knowledge of those facts.   The defendant had full knowledge of all the facts which it now relies on to constitute a breach of the condition and, hence, the waiver follows.   If any defense arises to the defendant by reason of false and misleading representations as to the real ownership of the property, it is not based upon a breach of the condition above referred to, but rather upon the rule that any misrepresentations of a fact material to the risk will avoid the policy.   I conclude, therefore, that the

proposition upon which the appellant's counsel relied upon the argument for a reversal of this judgment is not well taken.

If the statement which Brooks made concerning the ownership of the premises may fairly be construed as a statement that Worden or Worden and Brooks held the title to the premises, and if so construed, whether it was a misrepresentation of a material fact, was a question of fact for the jury (16 Am. & Eng. Ency. of Law [2d ed.], 934); and had the defendant desired to have that distinct question presented to the jury, it may be that the court would have so submitted it to them. No such request is found in the record, and no such defense is set up in the answer. It is not entirely clear that such question was presented to the jury; but, as it does not seem to have been an issue at the trial, no error can be predicated as to that.

The defendant further claims that on the evidence it does not appear that either Worden & Morris, or Brooks, had an insurable interest in the premises at the time the policy was issued, for the reason that it does appear that the title was then in Carter, and that he stood in no relation whatever to either of them. But it does appear that Carter had given a contract for the purchase of such premises to Mericle, who had built the buildings thereon. He had transferred to Worden & Morris all his interest therein, and they assumed his liability to Carter. Subsequently, and before the fire, they paid up Carter and took a conveyance from him. At the time the policy was issued they had an undoubted equity, as vendees in possession, to compel a deed from Carter, and, hence, they and their vendee Brooks then had an insurable interest in the premises. (See *Carpenter* v. *German American Ins. Co.*, *supra*, 304, 305.)

I discover no reversible error in the record, and am, therefore, of the opinion that the judgment should be affirmed.

All concurred, except CHASE, J., dissenting.

Judgment and order affirmed, with costs.