HIRSCH et al. v. FIDELITAS SOCIETE ANONYME D'ASSURANCES & DE REASSURANCES.

(Supreme Court, Appellate Term.    June 1, 1906.)

1. INSURANCE—AVOIDANCE OF POLICY—MISREPRESENTATIONS—MATERIALITY.

Laws 1892, p. 1991, c. 690, § 137, as amended by Laws 1894, p. 1378, c. 611, § 1, provides for the appointment of agents to procure policies of fire insurance in corporations not authorized to do business in the state, and requires the filing of affidavits with the insurance department showing that insured was unable to procure the full amount of insurance required from corporations authorized to transact business in the state. Held, that the fact that an applicant for insurance in such a company, on request for the names of three admitted companies on the risk, gave the names of certain companies which were not on the

risk, was no defense to an action, on the policy, where three other admitted companies were in fact upon it.

2. SAME—WARRANTY—WHAT CONSTITUTES.

The erroneous statement made by the applicant did not amount to a warranty; the policy being on the standard form, which contains no such warranty.

[Ed. Note.—For cases in point, see vol. 28, Cent. Dig. Insurance, § 560.]

3. SAME—WAIVER—NOTICE OF FACTS.

It not being until the placer or the agent of insured went to the insurer's agent to get the binder, that any names of admitted companies upon the risk were asked for, and the representative of insurer having received notice of loss and a list of insurance on the risk, in which the names of the companies given did not appear, and asked for proof of loss, and insurer having delivered the policies two days after notice that the companies given were not on the risk, any rights that the insurer might have had owing to the mistake in naming the admitted companies on the risk were waived.

[Ed. Note.—For cases in point, see vol. 28, Cent. Dig. Insurance, §§ 1028, 1075.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Charles S. Hirsch and others against the Fidelitas Societe Anonyme D'Assurances & De Reassurances. From a judgment in favor of plaintiffs, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, DAVIS, and CLINCH, JJ.

William D. Murray, for appellant.

William B. Ellison, for respondents.

GILDERSLEEVE, J. The plaintiffs, being mortgagees of insured property in excess of the total insurance, recovered judgment in the Municipal Court in the sum of $558.02, damages and costs, under a fire insurance policy. The facts admitted by the defendant made out a prima facie case for the plaintiff, and called for the introduction by the defendant of proof establishing facts that would avoid the defendant's liability. Of the defenses alleged the defendant undertook to prove two, viz.: (1) False representations by the agents of the insured in respect of the names of the companies who were upon the risk at the time the application for the policy in question was made to the defendant's agent, and as to the total amount of insurance outstanding at the time; and (2) that the policy was avoided because the property was incumbered by a chattel mortgage without the consent of the company indorsed on the policy.

In the opinion of the learned trial justice the defendant failed to establish either of these defenses. We think he was right. The evidence shows that the policy was issued with full knowledge of the mortgage and its character. The principal defense urged seems to be the alleged misrepresentations as to the companies already on the risk. It is true that the placer or the agent of the insured, when he went to the defendant's agent to secure the binder, at the request of defendant's agent to give the names of three admitted companies on the risk, wrote down, on the printed form, the names of four companies, two of which, the North River and Empire City, were not at the time on the risk. The placer was mistaken in the names of the companies.

As a matter of fact, however, four admitted companies were at the time upon the risk. It appears that the insurance in question is what is known as surplus line insurance procured from companies not authorized to bo business in the state, and that it is done under section 137 of the insurance law (Laws 1892, p. 1991, c. 690, as amended Laws 1894, p. 1378, c. 611, § 1). The defendant company was not admitted to this state, had no maps or surveys, and its agents relied upon the fact that admitted companies had written risks. It would seem, from the testimony, that the purpose of this inquiry was to ascertain whether or not there were upon the risk three admitted companies. The names were not important, and cannot be truthfully said, in the light of all the evidence, to have constituted any inducement. In point of fact the defendant's liability was not enlarged by the erroneous statement of the placer that the North River and Empire City Companies were on the risk. This representation was not a warranty by the assured. The policy here is in the standard form and contains no such warranty. The error in names worked no injury to the defendant. It was with the defendant to show that the representation affected the subject of insurance in some material and substantial way. This it failed to do. Brooks v. Erie F. I. Co., 76 App. Div. 275, 78 N. Y. Supp. 748.

Could it be properly said that any of defendant's objections to the judgment on the ground of misrepresentations were well founded? We are of the opinion that it waived any rights it may have had. The defendant was represented in New York City by Messrs. Tileston & Co. The evidence showed that Mr. Tileston accepted the insurance from the agent of the insured without conditions, with full knowledge of the subject of insurance, and without inquiry as to the names of the companies already on the risk. It was not until the placer went to defendant's agent to get the binder that any names of admitted companies upon the risk were asked for. Mr. Tileston received, in behalf of defendant, as he was authorized to do, notice of loss and a list of insurance on the risk, in which risk the names of the Empire City and North River Companies did not appear, asked for proofs of loss, promised to pay promptly upon receipt of proof, and received and retained the same without objection. It also appears clearly by uncontradicted evidence that the defendant delivered its policies to plaintiffs' agent two days after the defendant had notice that the North River and Empire Companies were not on the risk. This fact is conclusive of defendant's liability, unless defendant shall be relieved by some other defense.

The judgment is affirmed, with costs to the respondent. All concur.