OLIN J. STEPHENS, Inc., v. LAYKENACK REALTY, Inc.  (No. 7619.)

(Supreme Court, Appellate Division, First Department.  July 9, 1915.)

COSTS ⬅⬆42—ALLOWANCE—OFFER OF JUDGMENT.

   Code Civ. Proc. § 738, declares that a defendant may, before trial, serve upon plaintiff's attorney a written offer to allow judgment to be taken against him for a sum or property therein specified, with costs, and in event plaintiff fails to obtain a more favorable judgment he cannot recover costs from the time of the offer. Defendant offered to allow judgment to be taken against it for a stipulated sum, with interest, together with $15 costs. Plaintiff recovered judgment for the amount offered. *Held* that, notwithstanding the offer, plaintiff was entitled to recover all his costs, for the offer of $15 costs would not have included necessary disbursements.

   [Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 137–164;  Dec. Dig. ⬅⬆42.]

Appeal from Bronx County Court.

Action by Olin J. Stephens, Incorporated, against the Laykenack Realty, Incorporated. From an order retaxing plaintiff's bill of costs, and awarding full costs to defendant, plaintiff appeals. Reversed, and motion for retaxation denied.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

William C. Relyea, of New York City, for appellant.
Abraham Felt, of New York City, for respondent.

SCOTT, J.  The sole question involved in this appeal is whether or not an offer of judgment made by defendant was effectual to save said defendant the costs accruing after the offer was made. The action was instituted to recover the sum of $790.61, a balance alleged to be due for goods sold and delivered. Simultaneously with the service of the answer herein, the defendant offered to allow judgment to

be taken against it by the plaintiff for the sum of $432.61, with interest thereon from March 15, 1914, *together with the sum of $15 costs*. Upon the trial of this action a verdict was rendered in favor of the plaintiff for the sum of $432.61. On January 25, 1915, the respective attorneys appeared before the clerk of Bronx county and each presented a bill of costs for taxation, and the defendant's bill of costs was disallowed under due objection and exception, and the plaintiff's bill of costs, amounting to the sum of $97.05, was allowed, also under due objection and exception.

Section 738, Code of Civil Procedure, reads as follows:

"The defendant may, before the trial, serve upon the plaintiff's attorney a written offer to allow judgment to be taken against him, for a sum, or property, or to the effect, therein specified, with costs."

The offer of judgment made by defendant was as follows:

"The defendant offers to allow judgment to be taken against it by the plaintiff for the sum of four hundred and thirty-two and 61/100 ($432.61) dollars, with interest thereon from the 15th day of March, 1914, together with the sum of fifteen ($15) dollars costs."

We are clearly of the opinion that the offer did not comply with the requirements of the Code. If plaintiff had wished to enter judgment on the offer, the clerk could not have so entered it for more than that which the offer authorized, to wit, the sum admitted to be due, plus $15 costs. But $15 would not cover plaintiff's costs, which would necessarily include certain disbursements. This is obviously a very different case from one in which the offer is of "costs to date," which included disbursements as well as statutory costs. Lynk v. Weaver, 128 N. Y. 171, 28 N. E. 508. In the case cited the offer of costs "to date" was construed as covering all the costs then accrued, including the disbursements which would have been incurred if the offer had been accepted and judgment thereon entered as of the date on which the offer was made. The vice in the offer now under consideration is that it necessarily excludes the entry of judgment upon it for any disbursements at all, although such entry of judgment would necessarily have involved the payment of certain disbursements taxable as costs. The taxation by the clerk was right.

The order appealed from must therefore be reversed, with $10 costs and disbursements, and the motion for a retaxation denied, with $10 costs. All concur.