SIDNEY K. JOHNSON, Plaintiff, v. ALBERT R. CHAPMAN, Defendant.

Supreme Court, Madison County, June 9, 1927.

Costs — taxation — action on contract, completed July 28, 1926 — prior to trial defendant offered, under Civil Practice Act, § 177, to permit judgment for fifty dollars with interest from August 30, 1926 — Civil Practice Act, § 480, entitled plaintiff to interest from date of completion of contract — plaintiff recovered judgment more favorable than offer of defendant, and is entitled to taxable costs thereon.

Plaintiff sued on a contract completed July 28, 1926, and, having recovered a verdict, entered judgment thereon on May 27, 1927, for fifty dollars, with

---

* Since amd. by Laws of 1927, chap. 365, in effect March 29, 1927.— [REP.

interest from the date of the completion of the work, and full costs. Defendant, who, prior to the trial, offered, under section 177 of the Civil Practice Act, to permit judgment to be rendered for fifty dollars with interest from August 30, 1926, claims that the amount recovered on trial was less than the amount offered and that plaintiff is not entitled to costs after judgment.

Since section 480 of the Civil Practice Act, as amended by Laws of 1927, chapter 623, in effect April 4, 1927, entitled plaintiff to interest from the completion of the work on July twenty-eighth, the judgment recovered by him was more favorable than defendant's offer and plaintiff, therefore, was entitled to tax a full bill of costs against defendant.

MOTION to vacate and set aside the judgment heretofore entered herein upon a verdict of a jury.

*Frank W. Barnes,* for the plaintiff.

*Coley & Kiley,* for the defendant.

RHODES, J. The action was commenced on September 21, 1926, and was brought to recover for excavating done by plaintiff under an alleged contract with the defendant. The complaint alleges two causes of action for excavating and a third cause of action for certain damages for delay in the prosecution of said work, caused to the plaintiff through the hindrance of the defendant, and which damages it is alleged the defendant promised and agreed to pay. The answer sets forth in addition to denials and defenses a counter-claim against the plaintiff for his alleged delay in the prosecution of the work. On October 6, 1926, said answer was served together with an offer of judgment or compromise, pursuant to section 177 of the Civil Practice Act, whereby the defendant offered to permit judgment to be entered by the plaintiff for the sum of fifty dollars, and interest thereon from August 30, 1926. The offer was not accepted, a trial was had, and the jury returned a verdict in favor of plaintiff for the sum of fifty dollars. Judgment was thereupon entered in favor of the plaintiff for the sum of fifty dollars, together with two dollars and forty-three cents interest and full costs. The defendant now contends that the amount recovered upon the trial was less than the amount of the offer of judgment, and that, therefore, plaintiff is not entitled to recover costs accruing after the offer of judgment. It is alleged in the answering affidavits, and not disputed, that uncontradicted proof was submitted upon the trial that the contract on the part of the plaintiff was fully performed on the 28th day of July, 1926. The trial of this action occurred on the 19th and 20th days of May, 1927, and the verdict was rendered May 20, 1927, and the judgment herein was entered May 27, 1927. Section 480 of the Civil Practice Act was amended by chapter 623 of the Laws of 1927, and by the amendment there

was added to said section the following: " In every action now pending or hereafter brought wherein any sum of money shall be awarded by verdict, report or decision upon a cause of action for the enforcement of or based upon breach of performance of a contract, express or implied, other than a contract to marry, interest shall be recovered upon the principal sum whether theretofore liquidated or unliquidated and shall be added to and be a part of the total sum awarded." This amendment became effective April 4, 1927.

By virtue of the provisions of this amendment, plaintiff was entitled to interest from the date of the completion of the work, July 28, 1926. The defendant offered to permit judgment to be taken with interest from August 30, 1926. Plaintiff, therefore, recovered a judgment more favorable than the offer of the defendant and plaintiff was, therefore, entitled to tax full costs against the defendant. The judgment entered herein was, therefore, proper.

The plaintiff raises the preliminary objection that the motion is not properly made inasmuch as the show cause order by which the hearing was brought on directed that service be made by mail upon the plaintiff's attorney by depositing in the post office on or before June 2, 1927, the return day of the hearing of the motion being June 7, 1927. However, it is unnecessary to decide the question raised by the preliminary objection for the reason that the defendant, upon the merits, is not entitled to succeed upon this motion, and for the purpose of determining the matter I have assumed that the parties are properly before the court.

The motion should, therefore, be denied, with ten dollars costs to the plaintiff against the defendant.