Clare J. Hoyt, J.
In the first of these two consolidated actions the plaintiffs, insurance companies, seek a judgment declaring which of the defendants herein, if any, had an insurable interest *487 in a prefabricated house which was damaged by fire on May 2, 1963. All parties have stipulated that the amount of the loss is $7,000. The plaintiff in the second action, Merian Central Corporation (hereinafter called “Merian”), seeks a judgment against defendant Home Insurance Company in the amount of $7,000, the stipulated loss.
The house was constructed by defendant Seaboard Homes, Inc. (hereinafter called “Seaboard”) on property owned by New Amsterdam Construction Co., Inc. (hereinafter called “ New Amsterdam ”) pursuant to a lease between the parties made in 1960. The lease was modified by a subsequent instrument which provided in part that unless the louse was removed by Seaboard by the last day of March, 1963, all right, title and interest in the house would vest in New Amsterdam. On June 14,1960 plaintiff Reliance Insurance Company issued to Seaboard a policy of insurance insuring Seaboard against loss due to fire on the house. The policy was in effect on May 2, 1963 when the fire occurred. However, since Seaboard had not removed the house from New Amsterdam’s property by March 31, 1963 all of Seaboard’s interest in said house became vested in New Amsterdam on that date. Accordingly, Seaboard had no insurable interest in the house on May 2, 1963.
In October, 1962 New Amsterdam entered into a contract with Merian under which Merian agreed to perform certain excavating and grading on the premises of New Amsterdam. Under this contract, in the event that Seaboard abandons the house and it becomes the property of New Amsterdam and in the event Merian exercises its right to excavate and grade the parcel formerly leased to Seaboard, Merian would succeed to whatever rights New Amsterdam might have to said structure. The contract allowed Merian 18 months, or until April, 1964, to complete its work. Thus, on April 1, 1963 when New Amsterdam became vested in all right, title and interest in the house by virtue of Seaboard’s failure to remove the same, Merian, under its contract, had until April, 1964 to exercise its right to excavate in order to succeed to New Amsterdam’s rights in the house. Merian indicated its intention to pursue such rights by insuring the house against fire loss with the plaintiff Home Insurance Company on March 29, 1963 and by recording its contract with New Amsterdam on April 4, 1963. Thus, when the fire loss occurred on May 2, 1963 Merian had an insurable interest in the house. An insurable interest need not amount to a right of property or of possession (Feinman v. Consolidated Mut. Ins. Co., 155 N. Y. S. 2d 326, 331). “ The term .‘ insurable interest ’ * * * shall be deemed to include any lawful and substantial *488 economic interest in the safety or preservation of property from loss, destruction or pecuniary damage.” (Insurance Law, § 148.) At the time of the loss, which is the time we are concerned with (see Foley v. Manufacturers’ Fire Ins. Co., 152 N. Y. 131), Merian had an insurable interest in the house. (See, also, Riggs v. Commercial Mut. Ins. Co., 125 N. Y. 7.) Accordingly,. Merian is entitled to a judgment against Home Insurance Company in the sum of $7,000.
Finally, there remains to be resolved the interest of RFM Associates, Inc. (hereinafter called “RFM”) in the house. Clearly RFM had an insurable interest therein on May 2, 1963 by virtue of New Amsterdam’s conveyance to it of its property by deed dated and recorded on April 11, 1963. Such conveyance of the land included the buildings and improvements erected thereon. At the same time, New Amsterdam assigned to RFM all of its right, title and interest which it had under the leases and agreement with Seaboard. At the time of the loss there was in effect a policy of insurance issued by plaintiff Insurance Company of North America to RFM on April 11, 1963 insuring RFM against loss by fire.
In summary, defendants Merian and RFM had insurable interests in the house and defendant Seaboard had none.