Edward M. Hobby, J.
The motion before the court is one for summary judgment. The motion is made by the defendant, a fire insurance company. A prior action awarding judgment upon findings of fact and conclusions of law;, extensive pleadings, multiple affidavits and exhibits, coupled with complicated subject matter raise numerous procedural and substantive questions of law.
Consideration of the motion properly starts with the consideration of an earlier independent action previously tried and reduced to judgment. •
That prior action was brought in Supreme Court, Chautauqua County by Robert Deck and Erma Deck, as plaintiffs, and Ronald Dens and Martha E. Dens, as defendants. That action was an equitable one. In it the plaintiffs sought relief on four separate counts.
*1050 First, Robert Deck and Erma Deck sought a reformation of an alleged contract dated March 22, 1969 providing for their purchase of real property from Ronald and Martha Gens.
■Secondly, they sought specific performance of the contract as reformed.
Thirdly, they sought to compel Ronald Gens and Martha Gens to endorse a check of $400 paid under a fire' insurance policy issued by the Travelers Insurance Company. This policy had been issued to Robert Deck and Erma Deck as insureds. This $400 check was issued for damages to a dwelling arising out of a certain chimney fire. For reasons which do not appear, the check as issued had added the name of Ronald Gens as payee as well as the names of Robert Deck and Erma Deck, the named insureds.
Fourthly, and finally, Robert Deck and Erma Deck sought an accounting for all proceeds which had been paid to Ronald I. Gens and Martha E. Gens under a fire insurance policy numbered 25-68-114 issued by the Chautauqua County Patrons’ Association. This policy had been .issued to Ronald I. Gens and Martha E. Gens, as insureds. All checks issued in payment of fire losses under this policy were to Ronald Gens and Martha Gens. Neither Robert Deck nor Erma Deck was named as payee. The proceeds for which the accounting was sought arose from three separate payments. (1) Payment of $1,000 representing a fire loss to a barn; (2) A payment of $350 made as a result of a damage to a dwelling from a chimney fire and (3) A payment of $5,000 for fire damages destroying a dwelling. (It is noted parenthetically at this time that the Chautauqua County Patrons’ Association is the same fire insurance company named as a party in the action at bar. The fire loss of $5,000 previously paid by that company under the policy issued to Ronald Gens and Martha Gens, as insureds, for destruction by fire of a dwelling, is also the same loss for which Robert Deck and Erma Deck seek recovery under a separate $6,000 fire inurance policy in the action at bar.)
Findings of fact and conclusion of law were made by the Trial Justice, Hon. Ann T. Mikoll following a trial of the issues. As a consequence thereof, the plaintiffs, Robert Deck and Erma Deck, were denied relief on all four enumerated counts. Judgment in favor of the defendants, Ronald I. Gens and Martha E. Gens, was entered. The judgment with its accompanying findings of fact and conclusions of law will be reviewed later in this opinion.
Examination of the action before the court is next in order, It is a suit brought by Robert Deck and Erma Deck, as plaintiffs, *1051 against Chautauqua County Patrons’ Association. In the instant action, Robert Deck and Erma Deck seek recovery on a fire insurance policy No. 22-70-155 in the amount of1 $6,000. This policy provides for loss against fire on the same dwelling that the defendants, Chautauqua County Patrons’ Association insured on behalf of Ronald I. Gens and Martha E. Gens under a separate policy No. 25-68-114 in the amount of $5,000. Significantly, paragraph 4 of the complaint alleges that the $6,000 policy No. 22-7(1-155 was issued to the plaintiffs, Robert Deck and Erma Deck, as insureds.
The answer of the defendant, Chautauqua County Patrons’ Association first admits the issuance of a fire insurance policy No. 22-70-155 on the dwelling in the amount of $6,000 and denies all other allegations in plaintiffs’ complaint, inclusive of the allegation that the named insureds were Robert Deck and Erma Deck.
The answer next alleges, as a first affirmative defense, that the plaintiff, Robert Deck, alone applied for fire insurance with the defendant and in completing the application forms made material misrepresentations. This first separate defense concludes with an allegation in paragraph 13 that as a result of these misrepresentations the defendant, Chautauqua County Patrons’ Association issued insurance covering the property by policy No. 22-70-155 greatly in excess of the value of the property and greatly in excess of the risk it would otherwise have done and thus the insurance issued was “ void ”.
In a second separate defense, the defendant, Chautauqua County Patrons’ Association alleges the issuance of policy No. 22-70-155 in the amount of $6,000. Significantly, however, and in dispute of the allegations in the plaintiffs’ complaint, it alleges that the parties, insured under policy No. 22-70-155 were not the plaintiffs, Robert Deck and Erma Deck, but rather Robert Deck and Ronald Gens. The same defense further alleges that any loss payable under policy No. 22-70-155 is payable to Robert Deck and Ronald Gens jointly to be divided as their interests appear. The second separate defense continues with allegations concerning the. issuance of the separate $5,000 policy No. 25-68-114 to Ronald I. Gens and Martha E. Gens and the payment of $5,000 to them under this policy. The second separate defense concludes with allegations that the total cumulative liability of the defendant under the facts is $6,000 of which $5,000 had been paid and that thus $1,000 represents the total maximum liability of the company under both policies Nos. 25-68-114 and 22-70-155 and that if any additional liability were *1052 imposed it would represent “unjust enrichment ” of either Robert Deck and Erma Deck or Ronald I. Dens and Martha E. Dens.
The final allegation of the answer is set forth under the following topic heading: “ The defendant complains against Ronald I. Dens and Martha E. Dens by separate third party complaint and cross claim herein against Ronald I. Dens and Martha E. Dens and alleges ’ ’ first, that if the defendant insurer becomes liable to the plaintiffs, Robert Deck and Erma Deck, for more than $1,000 it should be entitled to repayment from Ronald I. Dens and Martha E. Dens, and secondly, that if the interest of Ronald I. Dens and Martha E. Dens is found to be less than $5,000 the insurer should also be entitled to repayment from Ronald I. Dens and Martha E. Dens.
In the separate third-party complaint brought by the insurer against Ronald I. Dens and Martha E. Dens, all of the facts relating to the issuance of both the $5,000 policy No. 25-68-114 to Ronald I. Dens and Martha E. Dens and the issuance of the $6,000 policy No. 22-70-155 to Robert Deck and Ronald Dens are set forth in detail. .Significantly, paragraph 6 alleges that under the $6,000 policy No. 22-70-155 the interest of Robert Deck is indicated on the face of the policy as “ contract ” and the interest of Ronald Dens is indicated as “ deed ”. The third-party complaint concludes with a prayer for relief first for an accounting on the part of Ronald Dens and Martha Dens of their true interest in the proceeds of insurance under insurance covering the property and secondly that if it is determined that Ronald Dens’ and Martha Dens’ interest is less than the $5,000 previously paid under policy No. 25-68-114, or if the insurer is required to pay Robert Deck and Erma Deck more than $1,000 under policy No. 22-70-155 that in either event Ronald Dens and Martha Dens be required to repay such sums to the insurer.
The answer of the third-party defendants, Ronald I. Dens and Martha E. Dens, alleges the issuance to them of policy No. 25-68-114. It further alleges that they never authorized any change, alteration or addition to the coverage provided under that policy. Further, they allege that they never authorized the defendant insurer to issue a policy to any other person or persons, in particular, to the plaintiff, Robert Deck. The third-party answer prays for the dismissal of the complaint and that of the third-party complaint.
It is against the background of the prior action and the number of pleadings which we have reviewed that we proceed to a consideration of the motion before the court for summary *1053 judgment brought under CPLR 3212. The motion is made by the defendant and third-party plaintiffj Chautauqua County Patrons ’ Association. It prays for the dismissal of the complaint and entry of judgment in favor of the defendant insurer.
The first procedural aspect of the motion before the court concerns a purported “ tender ” of $1,000 made by the defendant, Chautauqua County Patrons’ Fire Association. The “ tender ” originates in paragraph 7 of the affidavit submitted in support of the motion for summary judgment. There it is stated by the affiant, secretary and manager of the defendant insurer, that “ defendant, Chautauqua County Patrons’ Fire Relief Association has paid on this loss the sum of Five Thousand Dollars ($5,000) and tenders to the court the sum of One Thousand hollars ($1,000) ”. (Italics added.) This affidavit is sworn to October 12,1972.
In a subsequent supplemental affidavit sworn to February 20, 1973 and submitted in support of the motion, the affiant, an attorney for the insurer refers to the alleged “ tender ” previously made and attempts to withdraw the same in the following language: “ 5. From the decision of Justice Mikoll it appears that the plaintiffs herein had no insurable interest in the property which is the subject of this action at the time they obtained the subject policy of insurance from the defendant. Tour deponent has, therefore, been instructed by the defendant to withdraw the tender of One Thousand Dollars ($1,000.00) recited in paragraph * 7 ’ of the Supporting Affidavit of Calvin bowen, Secretary and Managing Director of the defendant.” The only clue to what the defendant insurer was attempting to do in reference to the. “ tender ” of $1,000 and then attempting to withdraw the same is found in the further statement of insurer’s attorney that the motion for summary judgment was brought ‘ * in order to put the action in the posture of an inter-pleader action ’ ’. The affidavit further recites that following decision of Justice Mikoll in the action of Beck v. Gens first recited in this opinion, the defendant insurer changed its mind in reference to its attempted interpleader position and decided to withdraw the $1,000 ‘ ‘ tender ’ ’ made in connection therewith. In order to properly evaluate the $1,000 offer of the defendant insurer, it is necessary to determine what it is.
Upon review, this court determines that what has been denominated a “ tender ” is not á tender at all. It is not a common-law tender made before suit for the reason that it was made after issue was joined by the pleadings of all parties and without payment of any sum into court. (See 6 Carmody-Wait 2d, New *1054 York Practice, §§ 41:12-41:15, 41:23, pp. 625, 630, 638 and. cases cited.) Neither is it a statutory tender after suit made under the provisions of the CPLR for the reason that no money was ever paid into court, that being a necessary ingredient of that type of tender. (See CPLR 3219; 6 Carmody-Wait 2d, New York Practice, §§ 41:2-41:11, pp. 619-625 and cases cited.) Payment into court is also a requirement for the procedural device of an “ offer to liquidate damages conditionally ”, and thus the purported tender does not fill the requirements of that device. (See CPLR 3220; 6 Carmody-Wait 2d, New York Practice, § 41:35, p. 646 and cases cited.)
The court holds that what was denominated as a “ tender ” of $1,000 is in fact a statutory “ offer to compromise ” within the meaning and provisions of CPLR 3221. That statute provides in part as follows: “ Except in a matrimonial action, at any time not later than ten days before trial, any party against whom a claim is asserted, and against whom a separate judgment may be taken, may serve upon the claimant a written offer to allow judgment to be taken against him for a sum or property or to the effect therein specified, with costs then accrued.”
Here, the offer of $1,000 was made more than 10 days before trial. It was made in an action other than a matrimonial action and by a party defendant against whom a claim was asserted by the plaintiff. The offer was encompassed in a written instrument served upon the claimant plaintiff in an attempted interpleader for the purpose of allowing judgment to be taken in the specified amount of $1,000. The failure of the defendant insurer to specify that the offer was made with costs accrued to the date of the offer* this court holds is not such a defect as to nullify its effectiveness as an “ Offer to compromise ”. Such omission, at most, would merely permit the plaintiff to enter a full taxation of costs. (See Johnson v. Chapman, 129 Misc. 699; Stephens v. Lykenack Realty, 168 App. Div. 845; 6 Carmody-Wait 2d, New York Practice, § 41:41, pp. 652, 653.) Similarly, the omission to offer accrued interest to the daté of making the offer of $1,000 would not nullify the “ offer to compromise ”. At most, •such omission would not limit the plaintiff to a recovery of interest to the date of the offer. (See 6 Carmody-Wait 2d, New York Practice, § 41:41, p. 652; § 41:57, p. 662 and cases cited.)
Having classified the offer of the defendant insurer to “ tender ” $1,000 as a statutory “ offer to compromise ” under CPLR 3221, there remains the question of its continuing effectiveness in the light of the defendant’s subsequent attempt to withdraw it. In that connection, it is noted that the offer was *1055 made in an affidavit of a corporate representative dated October 12, 1972. It appears without dispute that the plaintiffs did not attempt to accept the offer before receipt of the supplemental affidavit of attorney Hampton dated February 20, 1973 purporting to withdraw the offer. While the .statute is silent on the right to withdraw an offer to compromise, it has been judicially determined that such an offer must stand until the plaintiff’s right to elect to accept has expired. (Walker v. Johnson, 8 How. Prac. 240.) This period has been held to be 10 days after the service of the offer. (McVicar v. Keating, 19 App. Div. 581; Hackett v. Edwards, Merrill & Co., 22 Misc. 659.) It appearing without dispute that more than such 10-day period elapsed without the plaintiffs electing to accept the offer, this court holds that the withdrawal of the offer of compromise was valid and effectively made. There is then no outstanding offer to compromise in the amount of $1,000 before the court upon this motion.
Examination of the existence of controverted issues of fact is next in order.
The notice of motion for summary judgment is accompanied by an affidavit of one, Calvin Bowen, secretary and managing director of Chautauqua County Patrons’ Association. This affidavit contains two .significant allegations. The first is found in paragraph 6 wherein it is stated: “ 6. Plaintiffs, defendant, and third-party defendants, by their pleadings have admitted * * * that the maximum value of the property destroyed and of the loss incurred is Six Thousand Dollars ($6,000.00) ”. The second is found in paragraph 7 of the same affidavit wherein it is stated in part: “ the sum of Six Thousand Dollars ($6,000) is by non-tract, and by admission of all parties to this lawsuit, the maximum liability of the defendant, Chautauqua County Patrons’ Fire Belief Association ”.
This court finds no factual basis to support the first recited allegation of the defendant insurer that all parties have admitted by their pleadings that the maximum value of the property destroyed is $6,000. Upon review, it is found that this allegation was first set forth as part of the second affirmative defense in the answer of the defendant insurer. The plaintiffs, Bobert Deck and Erma Deck, have made no reply to this allegation. There has been no order requiring a reply. As a consequence, it is well settled that an allegation contained in an affirmative defense of the defendant is deemed controverted and denied by the plaintiffs. (See CPLB 3018, subd. [a]; 6 Carmody-Wait 2d, New York Practice, § 32 :l,.pp 3-4; § 32:3, pp. 5-6 and cases cited.) *1056 The same- allegation was again made by the defendant in paragraph 14 of its third-party complaint. The answer of the third-party defendants, Ronald I. Gens and Martha E.. Gens, denies knowledge or information sufficient to form a belief as to this allegation. Thus, the third-party defendants have specifically denied the allegation of the defendant. Examination of all . affidavits submitted in opposition to the motion discloses no subsequent admission of the plaintiffs and third-party defendants that the maximum value of the property destroyed is $6,000.
Neither does the court find support for the allegation of the . defendant that all parties have admitted that the maximum ¡ liability of the defendant insurer is $6,000. This allegation was also initially contained in the answer of the defendant insurer and set forth as a part of its second affirmative defense. Again, no reply was voluntarily made admitting this allegation by the plaintiffs, nor has any reply to the alleged allegation been ordered by the court. As a consequence, this allegation is also deemed denied by the plaintiffs, Robert Deck and Erma Deck. (See CPLR 3018, subd. [a]; 6 Oarmody-Wait 2d, New York Practice, § 32:1, pp. 3-4; § 32:3, pp 5-6 and cases cited.) In ! the third-party complaint of the defendant insurer, the allega- j tion was. set forth by the .defendant in paragraph 14. As previously noted, the answer of the third-party defendants, Ronald I. Gen's and Martha E. Gens has denied the allegations of that paragraph. Nothing contained in the affidavits submitted in opposition to the motion reflect any change in position of the previous denials made by the defendants and the third-party defendants.
For the reasons stated; this court holds that the issue of the maximum value of the property destroyed by fire and the issue of the maximum liability of the Chautauqua County Patrons’. Association under its fire insurance policies are both controverted issues of fact remaining in dispute between the parties to the action. <
Upon review now of the.substantive issues of law it appears that the principal questiqhfposed to this court may be stated as follows: Should one whorWg’bod fqith has entered into a written contract for the purchase of real property, paid a substantial ■ down payment thereon, entered into possession, made a sublease of a portion of the premises, continued to make payments under the terms of the contract for years, be denied, after a.major fire loss, the protection of fire insurance which he obtained to protect his interest in the property .solely because it was determined after the loss in independent litigation between the pur *1057 chaser and the seller that his contract ‘' was not a binding agreement ” for the purchase of real property? For reason hereinafter stated, this court is of the opinion that the question should be answered in the negative generally and under the facts of the case at bar particularly.
Essential to a determination of the question posed is the resolution of the effect of the judgment in the earlier action, Beck v. Gens. As a result of the determination in that case, does the doctrine of collateral estoppel apply in the case at bar and if so, with what results?
The law of collateral estoppel in this .State was substantially changed by the decision of the Court of Appeals in Swartz v. Public Administrator of County of Bronx (24 N Y 2d 65). There, the court reaffirmed an earlier determination that the doctrine of mutuality of estoppel “ ‘ is a dead letter ’ ”. (See p. 70.) Thus, the prior rule holding that an estoppel arising from a judgment in a prior action may be raised in a subsequent action only by or against the parties and privies was overturned. New requirements relative to the application of collateral estoppel were formulated by the court as follows (p. 71): “ New York law has now reached the point where there are but two necessary requirements for the invocation of the doctrine of collateral, estoppel. There must be an identity of issue which has necessarily been decided in the prior action and is decisive of the present action, and second, there must have been a full and fair opportunity to contest the decision now said to be controlling ’ ’.
So far as this court has been able to determine, no change has been made concerning the effect of collateral estoppel if that doctrine applies. Thus, it appears that a collateral estoppel still bars the relitigation of every material issue of fact or law which was litigated and determined in the first action. Conversely, an issue which was not determined by the prior judgment ; or a finding on any matter which was not put in issue by the pleadings in the prior action; or an action which was litigated and incidentally determined by a court of limited jurisdiction having no jurisdiction to determine the issue, are not res judicata in another action.
The issues which were litigated in the prior action of Beck v. Gens were the relative rights of the parties under a written instrument purporting to be a contract for the purchase and sale of real property. The .significant conclusions of law made by the court as they related to the action at bar are as follows:
‘ ‘ 1. That the written Instrument executed and delivered by the parties to the action is not a binding agreement between the *1058 parties thereto, for the sale and purchase of the said real property. * * *
“ 6. That the payment of $35.00 (Thirty-five) per month by the plaintiffs to the defendants shall be retained by the defendants, and shall be considered as rent for the use of the property by the plaintiffs.
‘1 7. The plaintiffs are entitled to the return of the down payment of $1,000 (One Thousand) paid to the defendants at the time of the signing of the written instrument. ’ ’
No difficulty ensues from the conclusions of law. However, the findings of fact made by the court and their proper interpretation in, support of the conclusions of law give rise to the most serious and material contentions between the plaintiffs, insured, and the defendant insurer. The findings of fact in dispute are the following:
“ 5. There is no mention in the agreement of any provision concerning the question of insurance on the buildings located on the property in question. The agreement is void as to a possession date and void of any terms concerning final payment of the total amount due on the principal. That the agreement so signed by the parties is an agreement to reach an agreement concerning the sale of the real property. The agreement is vague as to its terms and conditions of final disposition and thereby cannot be reformed nor can specific performance be ordered. * * *
“ 7. That the plaintiff, Robert Deck, did pay to the defendant the sum of Thirty-five dollars ($35.00) per month and received receipts marked plaintiffs’ exhibit no. 4, upon which it was writtén 1 interest on farm ’ by Ronald Gens; that the said payments continued until approximately June, 1971. * * *
“ 11. That on or about the 1st of September, 1970, the plaintiffs moved off and abandoned the real property without advising the defendants in any way of the plaintiffs’ intentions. Then without advising or receiving the consent of the defendants, the plaintiffs permitted one Frank Daniels to enter onto the property and that the said Frank Daniels has continued to reside in a trailer or dwelling from that date on to the present date, paying to the plaintiffs the sum of $50.00 (Fifty dollars) per month rent. That by their actions, the plaintiffs have abandoned any interest in and to the said real property as of September 1, 1970 and that any agreement between - the parties has become null and void.
“12. That at no time since the .signing of the agreement between the parties, have the plaintiffs tendered to the defend *1059 ants the balance of the alleged purchase price to .wit: Five Thous- and Dollars ($5,000.00), nor have they paid any portion of the balance of the purchase price. That the Thirty-five Dollars ($35.00) per month paid by the plaintiffs must be considered to be payments for the use and possession of. the said real property only, and cannot be applied in any way to the principal balance due. At no time since the execution of the agreement have the plaintiffs notified the defendants of their intentions to complete the transaction, and at no time have the plaintiffs .made a demand that the defendants deliver to them the title and deed to the property.”
The defendant insurer stresses the last sentence of finding No. 11 and urges that if the plaintiffs had abandoned any interest, in the real property on September 1,1970, which is prior to the fire in question, then the plaintiffs' could have had no insurable interest at the time of the fire loss on December 31, 1970. The plaintiffs stress findings 5,7 and 12 and urge that it is impossible for a court to find as a fact that they were tenants paying rent before and after the fire loss in question and also owning a $1,000 equity in the property as well and at the same time" find as a fact that they had no interest in the real property.
It is true that the findings of fact are confusing. This court is of the opinion that the reference to the plaintiffs ’ abandonment of an interest in the real property after September 1,1970 was intended to refer only to their possessory rights in the property. For it was on this date that the premises were leased by the plaintiffs to one, Frank Daniels. Abandonment of the prop-erty could not, as the defendant insurer urges, have been the basis of the court’s legal conclusion that there was no binding -agreement between the parties. The basis of that legal conclusion had already been made in the earlier finding of fact (No. 5) that the written instrument was vague and indefinite and was not an agreement for the sale of real property, but rather was an agreement to make an agreement. The “ abandonment ” more properly characterized as a voluntary “ removal ” of the plaintiffs from the premises, coincident with their lease of the premises to a third party was material to the court’s determination only in reference to the proper equitable relief to be made by virtue of the $35 monthly payments which plaintiffs had paid to the seller. The conclusion of the court was that such payments should not be deemed payments of interest on the unpaid balance of the purchase price, but rather payments of rent by the plaintiffs on premises from which they had departed and rented to another. .
*1060 The issue before this court in the case for decision is the validity of contract of fire insurance protection arising out of policy No. 22-70-155 issued by the defendant insurer to the plaintiffs. This is not the same issue presented for determination in the earlier action of Deck v. Gens.
This court holds that the determination made in Deck v. Gens has the limited effect of collaterally estopping the plaintiff only in relitigating the question of whether they were vendees under a binding and enforceable agreement, for the purchase of real property. It does not have the effect of estopping the plaintiffs from urging in this action that they were vendees under an unenforceable agreement at the time the fire loss occurred. The distinction while eoncededly fine is nevertheless important in determining the existence or nonexistence of an insurable interest on the part of the plaintiffs and more so the extent of that insurable interest as it relates to the quantum of recovery permitted under the policy of fire insurance.
Examination of the existence of an insurable interest is next in order. .
Insurance Law and Practice by Appleman (revd. vol, 4, § 2123, p. 35 et seq.) gives insight to the nature and elements of, an insurable interest. There it is stated;
“ The usual rule customarily followed is that an insurable interest exists when the insured derives 'pecuniary benefit or advantage by the preservation or continued existence of the property or will sustain pecuniary loss from its destruction. Reasonable expectation of benefit from preservation of the property is thus sufficient; or liability to loss from damage to it will be sufficient.
“It hás been stated that since the requirement of an insurable interest arose merely to prevent the use of insurance for illegitimate purposes, it should not be extended beyond the reasons for it by an excessively technical construction. And a right of property is not an essential ingredient of insurable interest; any limited of qualified interest, whether legal or equitable, or any expectancy of advantage, is sufficient ”. A review of New York State annotations cited in support of the quoted text, together with the additional case decisions hereinafter set forth, leads this court to the conclusion that the textual treatment represents the law of this State. See Riggs v. Commerical Mut. Ins. Co. (125 N. Y. 7, 12); Berry v. American Cent. Ins. Co. of St. Louis (132 N. Y. 49, 56-57); Feinman v. Consolidated Mut. Ins. Co. (155 N. Y. S. 2d 326, 331); Insurance Co. of North Amer. v. Seaboard Homes (51 Misc 2d 486) and section 148 of the *1061 Insurance Law which provides in part as follows: ‘ ‘ The term ‘ insurable interest,’ as used in this section, shall be deemed to include any lawful and substantial economical interest in the safety or preservation of property from loss, destruction or pecuniary damage
It has been clearly established that a vendee of property has an insurable interest in that property, even in the situation where title is not to pass until the entire payment of the purchase price is made. (Brooks v. Erie Fire Ins. Co., 177 N. Y. 572, affg. 76 App. Div. 275; Brownell v. Board of Educ., Saratoga Springs, 239 N. Y. 369; Appleman, Insurance Law and Practice, rev. vol. 4, § 2182, pp. 91-94 and cases cited; Matter of Boshart, 107 Misc. 697, affd. 188 App. Div. 788, and Appleman, Insurance Law and Practice, rev. vol. 4, § 2183, pp. 95-98 and cases cited; and see section 5-1301 of the General Obligations Law imposing risk of loss on purchaser of real property in possession.) However true this principle may be established, the defendant insurer insists that it has no application because it is urged the plaintiffs were not in fact vendees of real property. This, the defendant asserts was the determination made in an earlier action between the plaintiffs, Robert Deck and Erma Deck, against Ronald I. Gens and Martha E. Gens, defendants in the former action and third-party defendants in the action before this court.
The deficiency noted in the defendants’ argument is that the determination that there was no binding agreement for the purchase of real property was made by judicial determination two years after the fire loss for which the plaintiffs seek damages. To sustain the defendant insurer’s position that the plaintiffs had no insurable interest, retroactive application of the judicial determination to the date of the fire is required. This is for the reason that the time when an insurable interest must exist is the time of the loss. “ It is, of course', admitted that the claimant must have an insurable interest at the time of loss ’ ’. (Appleman, Insurance Law and Practice, rev. vol. 4, § 2122, p. 31; and Foley v. Manufacturers & Bldrs. Fire Ins. Co., 152 N. Y. 131; Insurance Co. of North Amer. v. Seaboard Homes, 51 Misc 2d 486, supra).
Upon review, it appears clear that at the time the fire which destroyed the insured, dwelling occurred, both the plaintiffs, Robert Deck and Erma Deck and the third-party defendants, Ronald I. Gens and Martha E. Gens, considered themselves respectively as contract purchasers and sellers of the property. At the time .of the fire loss in question, the plaintiffs were in constructive possession through a tenant of the insured property. Because *1062 of the absence of any contractual provision providing that they should share in the proceeds of fire insurance payable to their purported seller, the plaintiffs had in fact sustained pecuniary loss on two earlier occasions through fire damage to premises which they believed they were purchasing. Their demands on the sellers to share in such insurance proceeds were refused. To protect themselves against further loss, the plaintiffs sought independent protection through a separate policy of insurance from the defendant. As a eonseqence, policy No. 22-70-155 in the amount of $6,000 was issued by the defendant. The -nature of the plaintiffs’ interest in the subject property was known to the insurer at all times. Under that portion of the application for insurance to be completed by the director of the defendant insurance company there is entered the following:“ Robert Deck (contract) ”, and “Ronald Gens (deed) ”. See front piece, application for insurance, policy No. 22-70-155. Further, the. front piece of that policy as it was issued by the defendant insurer also contains the notation: ‘ ‘ Robert Deck, Contract, R.D. #1, Ripley, N. Y.”, and “ Ronald Gens, deed, Chapin Rd., Silver Creek, N. Y.”. No offer of the defendant to return the premiums paid by the plaintiffs for policy No. 22-70-155 appears to have been made. As previously- noted, a $1,000 offer to compromise the claim of the plaintiffs has been withdrawn and the defendants stand on the. bare proposition that the plaintiffs had no insurable interest.
A search for clear and decisive judicial precedent in this State on the question of retroactive effect to be given a judicial decision in determining the existence of an insurable interest has been in vain.
Cases bearing on the point, however, have been reviewed. In Berry v. American Cent. Ins. Co. of St. Louis (132 N. Y. 49, supra), the plaintiff, a tenant in possession under an oral lease from his son was held to have an insurable interest although, concededly the lease was void under the Statute of Frauds. The decision, however, is not squarely in point because the tenant had agreed to keep the property insured and was assumed by the court to have been liable to the landlord for the loss of buildings if he failed to do so. However, it is significant in making its decision the Court of Appeals held that:. “ The defendant ”, insurance company, “if it had notice of the relation which plaintiff [tenant] bore to the property, cannot deny the legality of its contract, although it may be that the plaintiff could not have enforced against his son his right to use the property for life had that been denied ”. (See p. 57.)
*1063 In Redfield v. Holland Purchase Ins. Co. (56 N. Y. 354, 356-357), the court stated: “ The case then is this: The owner of land, agrees by parol, to convey it to another in fee, upon the verbal promise of the person to whom the conveyance is to be made, on receiving it to give back a conveyance to the grantor, of a life estate in the same premises. The agreement on the part of the owner, is executed by a conveyance in pursuance of the agreement. The grantee neglects or omits to convey the life estate according to the. agreement, and the grantor remains in possession. Will the court of equity force the performance, by the grantee, of the parol agreement, or restrain the grantee from proceeding upon his legal title to acquire the possession as against the grantor? ” The answer given was as follows: “If the plaintiff had an equitable right to the possession of the land under the agreement with his wife, at the time the contract of insurance was made, which a court of equity would protect and enforce, then it cannot be doubted that he had an insurable interest in the property.”
The court is of the opinion that these two cases stand for the proposition that an insurer may not defeat its liability under a policy of fire insurance because of legal inadequacies of an insured’s contract to obtain an interest in the property insured. This court believes that the proper theory in the cases of defeasible title is that the insured’s claim to property is to be: viewed as one of substance and provided it is not tainted with fraud should be protected regardless of its ultimate validity. Cases decided in other jurisdictions support this view. (See Appleman, Insurance Law and Practice, rev. vol. 4, § 2184, pp. 98-100.)
In view then that (1) “ the rights of the insured are generally considered fixed as of the time the loss occurs ” (Appleman, Insurance Law and Practice, rev. vol. 4, § 2122, p. 34), and (2) the fact that on the date the fire loss occurred the plaintiffs were in possession of the premises constructively as vendees with a substantial interest paid down under a written instrument considered by both the vendees and vendors as a binding contractual agreement, and (3) that the plaintiffs, as purchasers, and the third-party defendants, as sellers, and the defendant, as insurer of both the interests, of the plaintiffs and the third-party defendants, all considered the plaintiffs to have an interest as vendees of real property at the time of the fire loss, and (4) the absence of any discovered binding judicial decision in this State requiring retroactive application of an independent judicial determination to resolve the existence or nonexistence of an insurable interest, coupled with (5) the rationale of the decisions *1064 of Berry v. American Cent. Ins. Co. of St. Louis (132 N. Y. 49, supra) and Redfield v. Holland Purchase Ins. Co. (56 N. Y. 354, supra) which whether viewed as equitable estoppel or denial of the defense of jus tertii, nevertheless, refused to permit an insurer to raise the rights of a third party to defeat the rights of an insured, considered together form an adequate basis for determining here that the defendant insurer should not be permitted through the happenstance of subsequent litigation between a vendee and a vendor to escape a liability it voluntarily assumed.
This court holds that the plaintiffs had an insurable interest as vendees under an unenforceable agreement for the purchase of real property, apd further holds that the plaintiffs are not collaterally estopped from asserting it in this action against their insurer. If this court is in error on either of these holdings, there exist two separate independent bases to support the plaintiffs’ action.
Under the findings of fact and conclusions of law in Deck v. Gens, the plaintiffs were held to be tenants and the owners of a lien interest in the real property. In each such capacity the plaintiffs had an insurable interest. In Niblo v. North American Fire Ins. Co. (1 Sandf. 551), it was held as early as 1848 that in New York a tenant has an insurable interest. Case decisions to the same effect in other jurisdictions are reviewed in Appleman, Insurance Law and Practice (rev. vol. 4, § 2193, pp. 120-123). Similarly, in Rohrbach v. Germania Fire Ins. Co. (62 N. Y. 47), it was held that even a general lien which a husband held on all of his wife’s property was sufficient to support his claim of an insurable interest under a fire insurance policy insuring the real property left in her estate. The interest of an equitable mortgagee and of cestui que trust and of a creditor with the right to effect a sale of real estate has been held to represent an insurable interest. (See Appleman, Insurance Law and Practice, rev. vol. 4, §§ 2188, 2133, 2138.) Thus, however, viewed or legally denominated, the plaintiffs’ down payment of $1,000 on tbe insured real property furnishes a sufficient interest to meet the . test of an insurable interest as prescribed in section 148 of the Insurance Law.
A determination that an insurable interest exists is important" for the reason that its existence is essential to the subsequent trial of the action before the court. (Federowicz v. Potomac Ins. Co. of Dist. of Columbia, 7 A D 2d 330, affd. 11 A D 2d 904, affd. 9 N Y 2d 922.)
*1065 A determination of the nature of that insurable interest is ' important for the reason that it fixes the amount of recovery which may be obtained upon the trial of the action. (See, as to the extent of indemnity, McAnarney v. Newark Fire Ins. Co. [247 N. Y. 176], stating the rules generally applicable and evidence permitted to determine the amount of full indemnity required for a fire loss. See Niblo v. North American Fire Ins. Co. [1 Sandf. 551, supra], determining that the recovery of a tenant -sustaining a fire loss is limited, to the value of the tenement. See Federowicz v. Potomac Ins. Co. [7 A D 2d 330, affd. 11 A D 2d 904, affd. 9 N Y 2d 922] reviewing New York law subsequent to the revision of the New York standard insurance policy and determining that a tenant owning a building upon leased land at the time of the fire could recover the full value of the building. See Rosenbloom v. Maryland Ins. Co. [258 App. Div. 14], determining that a vendor of property subject to condemnation and condemned subsequent to fire loss could recover the full value of the building. See Shotwell v. Jefferson Ins. Co. [5 Bosw. 247], determining that a vendor of real property under a contract, payable in installments and with provision that the vendor would maintain the fire insurance and that such insurance would inure to the benefit of the purchaser is entitled to recover only to the extent of the unpaid purchse price.) (See, also, New York University Law Review [vol. 35, pp. 414, 416], Insurable Interest and Measure of Indemnity; and Appleman, Insurance Law and Practice [rev. vol. 6, § 3867, pp, 337-347].)
It is for these reasons that the court has attempted to resolve both of these issues upon this motion. The court has not attempted to resolve the question of the extent of permitted recovery. That issue should await the development of the facts upon the trial.
As noted earlier, the maximum value of the property destroyed by fire has not been resolved. Neither has the interest of the plaintiffs and the third-party defendants in policy No. 22-70-155 been resolved. Circumstances which surround the application for that policy by. the plaintiff, Robert Deck, alone and the issuance of the policy by the defendant insurer to Robert Deck and Ronald Gens must be developed in order that the respective interr ests of those parties under that policy may be determined. (See Trumbull v. Bombard, 171 App. Div. 700, affd. 225 N. Y. 638.) A trial of the action should proceed to resolve these matters and Oil disputed issues between the parties.
Motion for summary judgment is denied.