■ AMAR INDIA INTERNATIONAL (U.S.A.) INC., Respondent, v UNITED INDIA INSURANCE COMPANY, LIMITED, Appellant.—Order, Supreme Court, New York County (David H. Edwards, Jr., J.), entered November 14, 1985, which denied defendant's

---

motion for summary judgment dismissing the complaint, is unanimously reversed, on the law, defendant's motion is granted and the matter is remanded for entry of judgment in favor of defendant and against plaintiff dismissing the complaint, with costs.

This is an action brought by plaintiff (Amar), the shipper of a consignment of goods from New Delhi, India, to John F. Kennedy Airport in New York, seeking recovery upon two air cargo insurance policies issued by defendant (India Insurance) to cover loss of the shipment in transit. Both policies contain a standard "Institute Air Cargo Clause (All Risks)" which provided that the insurance attached from the time the shipment left the warehouse in New Delhi until (and most pertinently for this appeal) coverage terminated "on the expiry of 30 days after unloading the subject-matter insured from the aircraft at the final place of discharge".

The goods, consisting of ready-made caftan garments valued at $172,890, were discharged from the Pan Am aircraft on March 11, 1986, and Pan Am notified Amar on the same day of the shipment's arrival. The shipment was immediately impounded by United States Customs against payment of $52,095 duty. Five days later, on March 16, 1986, Amar made a partial payment on account of import duties in the sum of $28,321.87, but only made the final customs payment of $23,773.48 a month and three days later on April 19, 1986. The next day, on April 20, the carrier released its lien on the goods, which thereupon cleared Customs. The next day, a trucker hired by Amar picked the goods up at the United States Customs warehouse for transportation to Amar's place of business in Manhattan. Allegedly, the goods were stolen while in this transit and never reached their destination.

Thus, it is undisputed that the loss occurred *41 days* after "unloading the subject matter insured from the aircraft at the final place of discharge." Under the terms of the policy, coverage had expired as a matter of law and plaintiff has no cause of action.

Contrary to plaintiff's contention, there is no ambiguity in the cited section of the insurance policies which would raise any triable issue *(Johnson v Travelers Ins. Co.,* 269 NY 401, 407). Retention of the goods in the Customs warehouse does not serve to toll or extend the 30-day limitation period in an air cargo policy *(Industrial Waxes v Brown,* 258 F2d 800 [2d Cir 1958], *cert denied* 358 US 931). Nor do the provisions of the policy pertaining to "delay beyond the control of the

assured" avail plaintiff here. Plaintiff has submitted no proof which would establish that more expeditious payment and clearance through Customs was beyond its control in any way. Furthermore, that kind of delay is defined in the policy as an interruption in the carriage of the goods and a deviation from the original contract of carriage where the shipment is terminated other than at the place of original destination. Even in such event, the assured is under a duty promptly to notify the underwriter and to tender any additional premium which may be assessed. None of those circumstances has any application here.

In view of the foregoing, it is unnecessary to pass upon defendant's contention that plaintiff lacked an insurable interest in the shipment, although, as a contract vendee, it would appear to have such interest even though title would pass only on full payment to the vendor *(see, Deck v Chautauqua County Patrons' Fire Relief Assn.,* 73 Misc 2d 1048). Concur— Sandler, J. P., Fein, Milonas, Rosenberger and Wallach, JJ.