■ ELISSA ABREU, Respondent, v BARKIN AND ASSOCIATES REALTY, INC., et al., Appellants. [982 NYS2d 752]—

Judgment, Supreme Court, New York County (Charles E. Ramos, J.), entered August 13, 2013, which, following a nonjury trial, granted judgment in favor of plaintiff on her breach of contract claim against defendant Barkin Associates Realty, Inc., and denied defendant Susan Barkin's motion for attorney's fees pursuant to CPLR 3220, unanimously modified, on the law, to direct a hearing on the amount of legal fees, if any, to which Susan Barkin, individually, is entitled under CPLR 3220, and otherwise affirmed, without costs.

In reviewing a judgment from a bench trial, especially where credibility played an important role, the judgment should only be set aside where it is not supported by any fair interpretation of the evidence (*Nightingale Rest. Corp. v Shak Food Corp.*, 155 AD2d 297 [1st Dept 1989], *lv denied* 76 NY2d 702 [1990]). Applying that standard here, the court's finding that an oral contract existed for plaintiff to receive 50% of commissions on the transaction at issue should not be disturbed. The finding was supported by defendants' own testimony, as well as by the course of dealing between defendants and their brokers. The same is true for the court's finding that defendants failed to establish their faithless servant defense. There was no evidence that plaintiff's husband actively solicited defendants' former clients, or that plaintiff personally knew of the alleged solicitations.

However, Susan Barkin is entitled to a hearing on the amount of her individual fees, if any, under CPLR 3220. Defendant made an offer to liquidate. Plaintiff then withdrew her claims against Barkin, in a stipulation on the record at trial. Having failed to obtain a more favorable judgment than the offer, plaintiff became liable for costs and fees. This is true even though there was no payment of the offer amount into court. Such payment is not required by CPLR 3220 (*see* David D. Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3221:3; *but see Deck v Chautauqua County Patrons' Fire Relief Assn.*, 73 Misc 2d 1048 [Sup Ct, Chautauqua County 1973] [CPLR 3220 requires payment of the offered amount into court]). Concur—Moskowitz, J.P., Richter, Manzanet-Daniels, Clark and Kapnick, JJ.